**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON WEST,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　　　　Defendant. | Civil Action No. 23-02830 (GC) (DEA)<br><br>**MEMORANDUM OPINION** |

**CASTNER, U.S.D.J.**

　　**THIS MATTER** comes before the Court upon *pro se* Plaintiff Aaron West's Application to Proceed *In Forma Pauperis* ("IFP Application") together with Plaintiff's Complaint against Defendant United States Postal Service ("USPS").[1] (ECF Nos. 1, 4.) For the reasons stated herein, the Court will **DISMISS** Plaintiff's Complaint without prejudice. Plaintiff will be given thirty (30) days within which to file an amended complaint with a renewed application to proceed *in forma pauperis*.

**I.　　BACKGROUND**

　　The following facts are taken from the Complaint and accepted as true only for the purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed his Complaint on

---

[1]　　Plaintiff initiated several actions in this district against various defendants over a short period of time, including *West v. Amazon*, Civ. No. 00336 (GC) (DEA); *West v. EEOC, et al.*, Civ. No. 23-00476 (MAS) (DEA); *West v. EEOC*, Civ. No. 23-01004 (ZNQ) (JBD); *West v. Department of Treasury Internal Revenue Service*, Civ. No. 23-01005 (ZNQ) (RLS); *West v. Capital Police*, Civ. No. 23-01006 (GC) (DEA); *West v. Smith*, Civ. No. 23-01053 (MAS) (TJB); *West v. Allied Universal*, Civ. No. 23-00335 (GC) (DEA).

1

May 24, 2023, using a standard form that asked him to provide information as to the nature of his claims. (ECF No. 1 at 1-5.[2]) The Complaint contains very vague and sparse claims. It does not provide an adequate basis for federal court jurisdiction other than merely stating "United States Government Plaintiff." (*Id.* at 2.) It is unclear how Plaintiff, who was allegedly employed by USPS, may initiate an action on behalf of the United States. Furthermore, the Complaint does not describe any events giving rise to any claims and includes no dates or approximate times of any such events. (*Id.* at 3-4.) Plaintiff simply writes that he was fired for no reason and alleges discrimination based on how he talks but does not explain who discriminated against him. (*Id.*) For example, he does not mention a single USPS employee involved in the incidents of alleged discrimination. (*Id.*)

Attached to the Complaint is a "Reasonable Accommodation Request" that appears to have been filed with USPS on or about September 12, 2022. (ECF No. 1-4.) In this submission, Plaintiff fails to state a legible request for specific accommodations. (*Id.* at 1.) Plaintiff merely writes that he has a speech impediment, and he can drive. (*Id.*) Plaintiff also attaches a New Jersey Police Crash Investigation Report dated November 26, 2022, (ECF No. 1-1) and an unsigned eTravel Expense Report from USPS (ECF No. 1-3). In his Complaint, Plaintiff does not rely on any facts or events referenced in the attachments.

Plaintiff's Complaint is accompanied by an IFP Application. (ECF No. 4.) Plaintiff also filed several applications to proceed *in forma pauperis* in his previous actions. (*See, e.g., West v. Allied Universal*, Civ. No. 23-00335 (GC) (DEA), ECF Nos. 1, 5, 10.) One application had many blank sections and was unsigned. (*Id.*, ECF No. 1 at 6-10.) The second, dated March 1, 2023, was

---

[2]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

e-signed and stated that Plaintiff had "no income and no job," received no public benefits, and had no assets, yet on the section of the form where Plaintiff was asked to estimate his "average monthly expenses" for "insurance," Plaintiff writes that he pays $1,200.00 per month on "Rent." (*Id.*, ECF No. 5 at 1-5.) The third, dated June 6, 2023, is identical to the IFP Application which was submitted with the current Complaint. (*Id.*, ECF No. 5; ECF No. 4.) It states that Plaintiff earns $1,600.00 per month from employment at R&M in Beachwood, New Jersey; has $250.00 in a checking account at Chase Bank; owns a 2018 Malibu vehicle; and has average total monthly expenses of $1,937.00. (ECF No. 4 at 2-5.)

## II.   LEGAL STANDARD

### A. *In Forma Pauperis* status

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim upon which relief may be granted

under Fed. R. Civ. P. 12(b)(6). *See* 28 U.S.C. § 1915(e)(2)(B); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

### B. Failure to State a Claim

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C. Rule 8's Pleading Requirements

Federal Rule of Civil Procedure 8 sets forth general rules of pleading, and requires that a complaint contain: (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a).

## III. DISCUSSION

### A. Plaintiff's eligibility to proceed *in forma pauperis*

The Court is troubled by the contradictory representations in the several *in forma pauperis* applications submitted by Plaintiff that are all sworn under the "penalty of perjury." For example, in his application submitted with his separate action on March 1, 2023, Plaintiff represented that he has not been employed in the past two years and has no income. (*West v. Allied Universal*, Civ. No. 23-00335 (GC) (DEA), ECF No. 5 at 2.) However, in his current application dated June 6, 2023, Plaintiff represents that he was employed by USPS from October through December 2022 and is currently employed by R&M. (ECF No. 4 at 2.) There are many other significant differences between what Plaintiff has previously submitted and his current IFP Application, including as to his ownership of a vehicle, expenses, and savings, that lead the Court to question Plaintiff's candidness. *See Rockefeller v. New Jersey*, Civ. No. 07-1878, 2007 WL 2363744, at *1 (D.N.J. Aug. 16, 2007) ("The plaintiff fails to show entitlement to in-forma-pauperis relief, as his statements here and in the Separate Action are self-contradictory."); *Regan v. I.R.S.*, Civ. No. 93-4793, 1993 WL 388286, at *1 (E.D. Pa. Sept. 22, 1993) ("[T]here are contradictions in plaintiff's motion to proceed in forma pauperis and his complaint which lead me to conclude that plaintiff is not being candid with regard to his allegation of poverty.").

In any event, because the Court dismisses the Complaint without prejudice for the reasons stated below, it will not now decide Plaintiff's application to proceed *in forma pauperis*. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."); *Karupaiyan v. Woodbridge Twp. of NJ*, Civ. No. 21-19737, 2022 WL

18859991, at *1 (D.N.J. Aug. 19, 2022), *aff'd sub nom. Karupaiyan v. Twp. of Woodbridge*, 2023 WL 2182375 (3d Cir. Feb. 23, 2023) ("[T]he Court dismissed Plaintiff's Complaint but permitted him to replead his claims . . . . Accordingly, the Court made no determination as to whether Plaintiff's monthly income rendered him eligible for proceeding IFP.").

### B. Review of the Complaint

Plaintiff's Complaint is deficient under Rule 8 and does not presently state a claim under Rule 12(b)(6). As a primary factor, Plaintiff, who claims to be a former employee of USPS, fails to provide a non-frivolous basis for federal jurisdiction. *See, e.g., Mansfield v. Newark Pub. Sch.*, Civ. No. 19-12418, 2020 WL 113978, at *2 (D.N.J. Jan. 9, 2020) ("The alleged basis for federal jurisdiction – "U.S. Government Plaintiff" – is obviously frivolous. [Plaintiff] is not a U.S. government official or agency.").

Additionally, no factual details are given in the Complaint itself as to how USPS was involved in discriminating against him, if at all. Such a spartan pleading prevents the Court, as well as Defendant, from determining whether what is alleged is more than merely conclusory and whether the elements of any claim may be satisfied. *See Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) ("Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" (citation omitted)). Without more, the Court cannot conclude that the Complaint as presently formulated rises above mere frivolity or maliciousness, or adequately states a claim upon which relief can be granted. The Court notes that Plaintiff submitted an exhibit with his Complaint that appears to be a request for reasonable accommodations filed with USPS. However, it is unclear to the Court what, if anything, happened or could happen with the request, which is devoid of descriptions of specific accommodations Plaintiff was seeking. (ECF No. 1-4 at 1.) The request does not contain any useful information

6

besides Plaintiff's assertion that he has a speech impediment, whereas a pleading should provide factual detail sufficient for the Court to evaluate if Plaintiff is entitled to relief. For these reasons, the Court will *sua sponte* dismiss Plaintiff's Complaint without prejudice. As Plaintiff is proceeding *pro se*, and as a more comprehensive statement may reveal legitimate grounds for relief, Plaintiff will have thirty (30) days to file an amended complaint in conformity with pleading requirements and to renew any *in forma pauperis* application.

## IV.   CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice. An appropriate Order follows.

Date: July __19__, 2023

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**